UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America, Criminal No. 00-147 (PAM)

Plaintiff,

vs. Minneapolis, Minnesota
May 15, 2008
Michael R. Petreikis, 4:00 p.m.

Defendant.

---

BEFORE THE HONORABLE PAUL A. MAGNUSON
UNITED STATES DISTRICT COURT JUDGE
(Final Revocation of Supervised Release)

APPEARANCES:

For the Plaintiff: NATHAN R. PETTERSON
Assistant United States Attorney
Room 600, U.S. Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

For the Defendant: ROBERT G. DAVIS
Attorney at Law
270 North Grain Exchange Building
301 Fourth Avenue South
Minneapolis, Minnesota 55415-1032

Court Reporter: Colleen M. Sichko, RPR
Shaddix & Associates
9100 W. Bloomington Frwy., #122
Bloomington, Minnesota 55431

Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription.



da3ec46d-089f-412c-9810-6348cb2c80e0

(Whereupon, the following proceedings were duly had and entered of record, to-wit:)

THE COURT: Good afternoon. We have the matter of United States v. Petreikis. Counsel and Mr. Petreikis, will you come forward, please?

Mr. Petreikis, you're charged with violation of the terms of your supervised release. Do you admit or deny the violation?

MR. DAVIS: Your Honor, I've reviewed -- by way of preface, if I may, I actually didn't get the updated report until just now to review with Mr. Petreikis. I'm sure it was present the last time he was in court, so when I went and talked with him, I was reviewing -- it was my understanding that the violation, which technically it is, was just for the failure to report.

With the understanding that we are admitting a grade C violation, we are prepared to admit that he failed to report and stay in touch with the State of Minnesota.

Is that correct, Mr. Petreikis?

DEFENDANT PETREIKIS: Yes.

THE COURT: Okay. So there is an admission of the violation. Counsel or Mr. Petreikis, do you have any comments to make before penalty is imposed?


da3ec46d-089f-412c-9810-6348cb2c80e0

MR. DAVIS: If I could speak for Mr. Petreikis briefly?

THE COURT: Go ahead.

MR. DAVIS: Having just reviewed it, I am aware that there is some further background that goes beyond the report from 2000. Mr. Petreikis and I were just looking at it, and I think technically it doesn't actually have any impact. We're not sure what the details were of what happened in Canada.

The reality is that Mr. Petreikis, partly out of problems with money, just returned -- left the state in 2000 and returned back to Canada ultimately. He spent most of his adult life living in Canada and was picked up on this one when he was expelled from Canada. As I understand it, the Court has an option of following a guidelines recommendation of three to nine months imprisonment and continuing with the supervised release or just imposing a term of imprisonment and just continuing the supervised release.

Our position is that, given Mr. Petreikis' age, that a full nine months or anything beyond that would be a certain amount of redundancy. If the Court intends to keep Mr. Petreikis on supervised release, we would ask that some period of imprisonment of somewhat less than the recommended nine months be imposed or, in the alternative,

if the Court was going to send Mr. Petreikis to prison and just call that expiration, we're prepared, then -- Mr. Petreikis doesn't have issues about how he's going to deal with living in Minnesota afterwards. He came to Minnesota because he had relatives here and he no longer does. However, he has to remain in Minnesota, as I understand it, until other arrangements are made if he is continued on supervised release.

So with those considerations -- we have nothing to add beyond those considerations.

THE COURT: Thank you.

Any comments, Mr. Petreikis?

DEFENDANT PETREIKIS: No.

THE COURT: Mr. Petterson, any comments on behalf of the Government?

MR. PETTERSON: Your Honor, I would request a sentence at the top end of the advisory range, and that is nine months. This is a case where Mr. Petreikis failed miserably on supervised release. He didn't even last a few months. We also would suggest, based upon his lack of success the first time, we would argue that additional supervised release is necessary for Mr. Petreikis.

MR. DAVIS: May I, a sentence response?

THE COURT: Sure.

MR. DAVIS: I think, actually, as I read the



da3ec46d-089f-412c-9810-6348cb2c80e0

report, I think it was actually February to October, so it was a little bit more than just a few months. I think Mr. Petreikis was out on supervised release for, what would it be, about nine months, eight months?

DEFENDANT PETREIKIS: Eight months.

THE COURT: Okay. Well, Mr. Petreikis, it's true that the penalty that's imposed on you is imposed for your failure to report as you were ordered to do, and I'm not sentencing you for your conduct in Canada. I have trouble enough making factual determinations of cases that are offenses in the United States, much less to worry about some other country where I don't have any power to do anything except that I like to go up there and go fishing.

But I do, in placing this sentence on you, give you a little advice, Mr. Petreikis, and that's that you have carried on some conduct that's just wrong, and the concern we have is that you've been convicted and there are indications that you may be carrying on the same conduct. Don't do it. Just don't do it. Get away from it, stay away from it because, if you return to it, I'm telling you the feds don't have a sense of humor and that's all there is to it, so get away from it.

I'm going to impose a sentence on you, but in addition to the sentence, I'm going to impose some


da3ec46d-089f-412c-9810-6348cb2c80e0

additional conditions of supervised release, and I'm going to do that, frankly, for your own good. It's to protect you from getting into this stuff that you've got no business doing. So, therefore, based upon your violation, I do remand you to custody for a period of nine months.

Upon completion of your service of sentence, you will be returned to your original term of supervised release with the following additional conditions: That you not possess or use a computer or have access to any online service without prior approval of the U.S. Probation Office; that you shall identify all computer systems, Internet-capable devices or similar memory electronic devices to which you have access and allow installation of a compute and Internet monitoring program.

Monitoring may include random examinations of computer systems along with Internet, electronic or media storage devices under your control. Computer systems or devices may be removed for a more thorough examination if necessary. You shall contribute to the cost of such monitoring service based upon your ability to pay as deemed appropriate by the probation officer. You shall refrain from accessing the matter which relates to the activity in which you were engaged in committing the conduct of the instant offense. You shall provide the probation officer access to any requested financial

information including credit reports, credit card bills, bank statements, telephone bills.

This next comment is made on this basis and that is that, as your counsel has indicated, you don't have relatives in Minnesota anymore and the Court is concerned about, when you get out of prison, where are you going to go? I'm going to make a statement here that is left to the discretion of the probation officer and it's simply this: That in the discretion of the probation officer, you shall reside for a period of up to 180 days in a residential reentry facility as advised by that probation officer and shall observe the rules of that facility. Now, I'm not sentencing you to 180 days, please understand that. What I'm saying is that you are going to need transition time and, if you have a place to live and you've got a job, that's fine, but --

DEFENDANT PETREIKIS: Your Honor --

THE COURT: -- if you are going to go on the street, then we're better off having you at a residential treatment facility. So that's what's behind that, behind that sentence. If you are not employed at a lawful occupation as deemed appropriate by the probation officer, you may be required to perform up to 20 hours of community service per week until employed. You may also participate in training, daily job search, or other employment-related



da3ec46d-089f-412c-9810-6348cb2c80e0

activities as directed by the probation officer.

Anything further to come to our attention?

MR. DAVIS: If I may ask for some clarification, Your Honor?

THE COURT: Sure.

MR. DAVIS: My client has written me a note. He wants to know, if he has been in custody since February 19th, does his nine months start to run from then? I'm assuming it does, and I have assured him it would.

THE COURT: Yes, it does.

MR. DAVIS: And then the 180 days, the suggested transition time, that's an alternative unless he has a place to reside, as I understand it?

THE COURT: Sure. He has to have a place to reside that's approved by the probation officer, which is not a big deal, but the reality is we don't want you sleeping in a culvert and, therefore, if, as you come out of the institution and if you're in one of those tough situations where you can't find anything, the taxpayers are going to --

DEFENDANT PETREIKIS: My daughter said she -- my daughter said she would, you know, pay for a place until I got a job and found a place up north.

THE COURT: All that is just fine, you know.



da3ec46d-089f-412c-9810-6348cb2c80e0

If that, in fact, is what's going on, that takes care of it. As I say, I don't want you sleeping under a bridge.

DEFENDANT PETREIKIS: Thank you.

THE COURT: So that's what is meant by that. Okay, thank you very much.

DEFENDANT PETREIKIS: Thank you.

MR. PETTERSON: Thank you very much, Your Honor.

MR. DAVIS: Thank you, Your Honor.

(Proceedings concluded at 4:15 p.m.)

STATE OF MINNESOTA)
) ss.
COUNTY OF DAKOTA )

REPORTER'S CERTIFICATE

I, Colleen M. Sichko, do hereby certify that the above and foregoing transcript, consisting of the preceding nine (9) pages is a correct transcript of my stenograph notes, and is a full, true and complete transcript of the proceedings to the best of my ability.

Dated June 10, 2008.

COLLEEN M. SICHKO
Registered Professional Reporter



da3ec46d-089f-412c-9810-6348cb2c80e0